David M. Kohn (California Bar No. 246756)
dkohn@lewiskohn.com
Michael T. Lane (California Bar No. 248624)
mlane@lewiskohn.com
John M. Houkom (California Bar No. 203240)
jhoukom@lewiskohn.com
Zachary S. Tedford (California Bar No. 314801)
ztedford@lewiskohn.com
LEWIS KOHN & WALKER, LLP
17085 Via Del Campo
San Diego, CA 92127
Tel (858) 436-1330
Fax (858) 436-1349

*Attorneys for Plaintiff,*
Loops, L.L.C.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOPS, L.L.C., a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MAXILL INC., a Canadian corporation; and JOHN DENNIE SHAW, an individual,<br><br>Defendants. | Case No.: **'25CV1814 JLS  DDL**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Loops, L.L.C. ("Loops") files this Complaint against Defendants Maxill Inc. ("Maxill") and John Dennie Shaw ("Shaw") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for willful infringement of United States Patent Nos. 11,013,311 (the "'311 Patent") and 10,334,940 (the "'940 Patent") (collectively, the

1

"Asserted Patents") under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. True and correct copies of the Asserted Patents owned by Loops are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

2. Loops invested years of research and development and substantial sums into creating a patented, safety-first toothbrush known as the Loops Flexbrush®—a flexible toothbrush specifically engineered for use in correctional and mental health facilities, spaces where security and safety are paramount. Defendant Shaw, fully aware of Loops' patented technologies and the long-standing commercial success of the Loops Flexbrush® in the correctional and institutional care markets, caused Maxill, an entity which Shaw owns and controls, to design, produce and sell a knockoff product, the "Supermaxx" toothbrush (the "Accused Product").

3. Rather than invest in developing its own product, Maxill, at the direction and under the control of its founder and president, Shaw, chose to copy and exploit the key safety features disclosed in the Asserted Patents, and, after initially selling the infringing Accused Product in Canada, began manufacturing, importing, marketing, and selling the infringing Accused Product throughout the United States in direct competition with the Loops Flexbrush®.

4. Loops, who has meaningfully contributed to solving a difficult safety problem, now brings this action to protect its intellectual property, enjoin further acts of infringement, hold Defendants accountable for their unlawful conduct, and recover the damages caused by Defendants' disregard for the patent laws of the United States.

## PARTIES

5. Loops is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Whatcom County, Washington. Loops is registered as a foreign limited liability company with the California Secretary of State and has been qualified to do business in California since at least 2017. It has regularly conducted business within this judicial district, including the manufacture, sale, warehousing, and distribution of oral care products, including products covered by the

Asserted Patents like the Loops Flexbrush®. Loops has filed and paid applicable taxes in California and maintains commercial relationships and distribution channels within the state and this judicial district. Loops has offered and sold, continues to offer and sell, continues to bid for contracts to sell the Loops Flexbrush® to correctional and mental health facilities located in the state and this district, and has lost bids to other companies known to distribute Defendants' Accused Product which, upon information and belief, were fulfilled with said Accused Product thereby causing Loops damage within the state and this district.

6. Upon information and belief, Maxill is a corporation organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business at 80 Elm Street, St. Thomas, Ontario, Canada, N5R 6C8.

7. Upon information and belief, Shaw is a natural person who is a citizen and resident of the City of St. Thomas in the Province of Ontario, Canada.

8. Upon information and belief, Shaw, the founder, president and controlling shareholder of Maxill, formed Maxill for the purpose of carrying out infringing and illegal activity. On information and belief, Maxill is a mere shell or conduit for Shaw. Upon information and belief, Shaw and Maxill are inextricably linked to one another and do not maintain an arms-length relationship with one another. Upon information and belief, a unity of interest exists between Shaw and Maxill such that any individuality and separateness between them never existed or has ceased, and adherence to the fiction of the separate existence of Maxill as an entity distinct from Shaw would permit an abuse of the corporate privilege. Upon information and belief, Maxill is the alter ego of Shaw and the corporate veil should be pierced to impose personal liability on Shaw for Maxill's unlawful conduct and to impose liability on Maxill for Shaw's unlawful conduct.

9. Upon information and belief, Shaw and Maxill are the agent, representative, and/or principal of each other, such that Shaw and Maxill are acting on behalf of, under the authority of, with full knowledge and consent of, and/or as the agent of each other, and

Shaw and Maxill are engaged in activities that, but for the other, they would have to undertake themselves.

10. Upon information and belief, Shaw was directly responsible for, actively induced, and/or knowingly, willfully, deliberately and intentionally aided and abetted, or was otherwise the moving force behind, the design, production, manufacture, import, promotion, and/or sale of Accused Product and the infringements herein alleged.

## JURISDICTION

11. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. The Court has personal jurisdiction over each Defendant by virtue of, upon information and belief, their transacting and doing business in California and this judicial district and/or committing acts of patent infringement in the state and this district independently and/or as alter egos or agents of each other. Upon information and belief, each of the Defendants is engaged in substantial and continuous contacts with California and this judicial district, independently and/or as alter egos or agents of each other, through their conduct of business, including making, using, selling, offering for sale, and importing infringing products and services to customers within the state and this district. Each of the Defendants also places or causes to have placed infringing products and services into the stream of commerce, independently and or as alter egos or agents of each other, including by way of Shaw's and Maxill's websites, https://www.maxill.com/us and https://www.maxill.com/us/our-products/toothbrushes/specialty-items/supermaxx-prison-institutional-toothbrush.html, which have product information sheets prepared specifically for U.S. sales at https://www.maxill.com/us/mwdownloads/download/link/id/702/, and are available and marketed for sale within the U.S., California and this judicial district on, *inter alia*, Amazon (https://www.amazon.com/MAXILL-Supermaxx-Prison-Correctional-Toothbrushes/dp/B09GZJSDB7) and ebay (https://www.ebay.com/itm/225973388731) marketplaces, with the knowledge that such products and services will be made, imported,

sold, offered for sale, and used in California and this judicial district. Upon information and belief, a substantial part of the events giving rise to Loops' claims, including acts of patent infringement, occurred in California and this judicial district, thereby causing Loops damage within the state and this district.

13. Alternatively, this Court has personal jurisdiction over Maxill and Shaw, upon information and belief, pursuant to Federal Rule of Civil Procedure 4(k)(2), as a foreign entity and individual, respectively, who are not subject to the jurisdiction of the courts of general jurisdiction of any state in the United States, and exercising jurisdiction over Maxill and Shaw is consistent with the U.S. Constitution because, among other reasons, Maxill and Shaw have purposefully directed infringing activities toward the United States as a whole. Such activities include but are not limited to the marketing, importation, offer for sale, sale, and distribution of the Accused Product throughout the United States and within this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) as to Maxill and Shaw, a Canadian corporation and Canadian citizen, that are not resident in the United States.

## FACTUAL ALLEGATIONS

15. Loops invents, manufactures, markets, and sells personal care products designed for distribution and use in correctional and mental health facilities.

16. One of Loops' flagship products is the Loops Flexbrush®, a compact toothbrush with a flexible handle that cannot be fashioned into a weapon, making it ideal for use in these facilities.

17. Loops owns certain related intellectual property including the '311 Patent entitled "Composite Toothbrush Having Safety Features and Methods of Making Same." *See* **Exhibit A**.

18. Loops owns certain related intellectual property including the '940 Patent entitled "Composite Head Toothbrush Having Safety Features." *See* **Exhibit B**.

19. Upon information and belief, Shaw and Maxill manufacture, promote, distribute, market, offer for sale, and sell among other things, personal care products to correctional and mental health facilities.

20. Upon information and belief, in or around 2016 or 2017, Shaw and Maxill began promoting, offering to sell, and selling the Accused Product, a competing flexible toothbrush under the designation, the Supermaxx toothbrush, in Canada.

21. Upon information and belief, after first selling the Accused Product in Canada, Shaw and Maxill began importing the Accused Product into the United States, California and this judicial district and marketing, offering to sell, and selling same in these locations, and continue to do so.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '311 Patent)**

22. Loops hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 21.

23. The '311 Patent was duly and legally issued on May 25, 2021. Loops is the sole owner of the '311 Patent.

24. Upon information and belief, Shaw and Maxill have infringed, and continue to infringe one or more claims of the '311 Patent, literally and/or under the doctrine of equivalents, including but not limited to claims 1-5, pursuant to 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing, without authority, the Accused Product within the United States, California, and this judicial district.

25. The Accused Product infringes at least claims 1 and 5, in part, because the Accused Product is a toothbrush comprising a rigid polymer material comprising a first volume, a pliable flexible material comprising a second volume, wherein the second volume is greater than the first volume, a plurality of bristles coupled to the rigid polymer material and a thermoplastic bond at an interface between the rigid polymer material and the pliable flexible material. Furthermore, the Accused Product is a composite toothbrush comprising a rigid polymer toothbrush head inner core having a plurality of bristle holes

for retention and holding a plurality of toothbrush bristles, with the rigid polymer inner core being made from a first material, a pliable flexible material partially surrounding the rigid polymer inner head core (on a left and a right side, in a bottom plan view underside aspect), the pliable flexible material made from a second material and comprises a greater volume than the rigid polymer toothbrush head inner core material, and a flexible handle at least partially made from the second material wherein the flexible handle is able to bend into an "L" or a "C" shape.

26. The Accused Product also meets the other limitations of the claims of the '311 Patent, including the pliable flexible material providing a softness applicable to safety in a prison environment or an institutional environment (claim 2), an inner toothbrush head at least partially made from the rigid polymer material and an outer toothbrush head at least partially made from the pliable flexible material (claim 3) and a flexible handle at least partially made from the pliable flexible material and a pair of pin connectors protruding from the inner toothbrush head, the pin connectors made from the rigid polymer material and assisting connecting the inner toothbrush head to the outer toothbrush head (claim 4).

27. Upon information and belief, Shaw and Maxill knew or should have known about the '311 Patent and their infringement of same. Shaw and Maxill have become intimately familiar with Loops' technology and intellectual property from past litigations between them in Canada dating back more than a decade.

28. Upon information and belief, Shaw and Maxill are alter egos and/or agents of each other, such that the acts and/or knowledge of one are imputed to the other.

29. Loops has been damaged and has suffered irreparable injury due to the acts of infringement of Shaw and Maxill, and will continue to suffer damages and irreparable injury unless their acts are enjoined.

30. Loops is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 in an amount of not less than $2,700,000.

31. Shaw and Maxill have infringed the '311 Patent as alleged above despite having prior knowledge of the Patent and their infringement of the Patent and have acted

with willful, intentional, and reckless disregard of the objectively high likelihood that their acts constitute infringement of the '311 Patent. Upon information and belief, the Accused Product is a copy of the Loops Flexbrush® and its key safety features disclosed in the '311 Patent. The infringement of the '311 Patent has been and continues to be willful, entitling Loops to enhanced damages under 35 U.S.C. § 284 and also a finding that this case is exceptional, entitling Loops to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
## (Infringement of the '940 Patent)

32. Loops hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

33. The '940 Patent was duly and legally issued on July 2, 2019. Loops is the sole owner of the '940 Patent.

34. Upon information and belief, Shaw and Maxill have infringed, and continue to infringe one or more claims of the '940 Patent, literally and/or under the doctrine of equivalents, including but not limited to at least claims 1-3, pursuant to 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing, without authority, the Accused Product within the United States, California and this judicial district.

35. The Accused Product infringes, at a minimum, claims 1-3, in part, because the Accused Product is a toothbrush having a composite head, wherein the composite head has a rigid polymer inner core having a plurality of bristle holes for retention and holding of toothbrush bristles, the rigid polymer inner core made from a first material, a pliable flexible material, made from a second material, completely surrounding the rigid polymer inner core (on the left and right side in a bottom plan view underside aspect), and a bond at an interface between the rigid polymer inner core and the pliable flexible material surrounding the rigid polymer inner core, wherein the rigid polymer inner core is molded to the pliable flexible material forming the composite head.

36. The Accused Product also meets the other limitations of claims 2 and 3 of the '940 Patent, including the composite head further comprising a tip of the rigid polymer inner core being covered with the pliable flexible material, an end of the of the rigid polymer inner core opposite the tip further having the pliable flexible material adjacent thereto and the end of the rigid polymer inner core opposite the tip transitioning to a handle of the toothbrush, an opposite side of the rigid inner core, the opposite side opposing a side having the bristle holes, the opposite side substantially covered by the pliable flexible material and a pair of pin connectors extending from the opposite side of the rigid polymer inner core, the rigid polymer inner core thereby being substantially encased by the pliable flexible material with the exception of the pin connectors and the side having a plurality of bristles not being fully encased in the pliable flexible material (claim 2) and the pliable flexible material further comprising thermoplastic properties, wherein the bond is devoid of glue due to the thermoplastic properties (claim 3).

37. Upon information and belief, Shaw and Maxill knew or should have known about the '940 Patent and their infringement of same. Shaw and Maxill have become intimately familiar with Loops' technology and intellectual property from past litigations between them in Canada dating back more than a decade.

38. Upon information and belief, Shaw and Maxill are alter egos and/or agents of each other, such that the acts and/or knowledge of one are imputed to the other.

39. Loops has been damaged and has suffered irreparable injury due to the acts of infringement of Shaw and Maxill, and will continue to suffer damages and irreparable injury unless their acts are enjoined.

40. Loops is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 in an amount of not less than $2,700,000.

41. Shaw and Maxill have infringed the '940 Patent as alleged above despite having prior knowledge of the Patent and their infringement of the Patent and have acted with willful, intentional, and reckless disregard of the objectively high likelihood that their acts constitute infringement of the '940 Patent. Upon information and belief, the Accused

Product is a copy of the Loops Flexbrush® and its key safety features disclosed in the '940 Patent. The infringement of the '940 Patent has been and continues to be willful, entitling Loops to enhanced damages under 35 U.S.C. § 284 and also a finding that this case is exceptional, entitling Loops to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Loops prays for relief as follows:

A.  That Shaw and Maxill, and each of them, be adjudged to have infringed the '311 Patent and the '940 Patent under 35 U.S.C. §§ 271(a);

B.  That Shaw and Maxill, and each of them, their subsidiaries, divisions, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with either of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly infringing the '311 Patent and the '940 Patent;

C.  That the Court award Loops recovery of damages to compensate it for Shaw's and Maxill's infringement of the '311 Patent and the '940 Patent pursuant to 35 U.S.C. § 284 in an amount to be proven at trial but not less than $2,700,000;

D.  That Shaw and Maxill, and each of them, be adjudged to have willfully infringed the '311 Patent and the '940 Patent under 35 U.S.C. § 271(a), and that the Court treble the amount of actual damages recoverable by Loops pursuant to 35 U.S.C. § 284;

E.  That this action be adjudged an exceptional case, and that the Court award Loops its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285;

F.  That the Court assess pre-judgment and post-judgment interest and costs of suit against Shaw and Maxill, and each of them, and award such interest and costs to Loops pursuant to 35 U.S.C. § 284; and

G.  That Loops receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Loops hereby demands a trial by jury as to all claims and all issues triable by jury.

DATED: July 16, 2025

                                                /s/ Michael T. Lane
David M. Kohn
Michael T. Lane
John M. Houkom
Zachary S. Tedford
LEWIS KOHN & WALKER, LLP
*Attorneys for Plaintiff,*
Loops, L.L.C.